UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VERNA LONGMORE,<br><br>    Plaintiff,<br><br>v.<br><br>HOMEXPRESS MORTGAGE CORPORATION; ESSEX MORTGAGE, INC.; FAY SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; DOE DEFENDANTS 1-50, inclusive,<br><br>    Defendants. | Case No. 2:25-cv-01332-RFB-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Stay Discovery (ECF No. 31), which Plaintiff opposes (ECF No. 35). Also pending is Plaintiff's Motion to Compel Rule 26(f) Conference, to Set Deadlines for a Joint Discovery Plan/Scheduling Order, and for Related Relief. ECF No. 28. Although not before the undersigned, germane to consideration of the Motion to Stay and Motion to Compel are Defendants' Motion to Dismiss (ECF No. 6) and Plaintiff's Motion to Remand (ECF No. 9).

The Court has inherent power to manage proceedings by ordering a stay of discovery. *Bacon v. Reyes*, Case No. 2:12-cv-01222-JCM, 2013 WL 5522263, at *5 (D. Nev. Oct. 3, 2013). Nonetheless, ordinarily, a dispositive motion does not warrant a stay of discovery. *Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989); *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Courts have broad discretionary power to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is

potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced the plaintiff will be unable to state a claim for relief." *Id.*

Here, the Court finds the competing Motions to Dismiss and to Remand are potentially dispositive of this entire matter. The Court further finds these Motions can be decided without additional discovery. A preliminary peek reveals either or both Motions may result no claims proceeding in the federal court. Plaintiff who seeks to compel the commencement of discovery also argues remand is appropriate because this matter was "improperly removed to federal court" under diversity jurisdiction principles. ECF No. 9 at 1. Plaintiff says there is a lack of complete diversity and the removal was otherwise procedurally defective. *Id*. at 1, 2, 4. Defendants' Motion to Dismiss argues Plaintiff's legal theory (securitization) is legally implausible (ECF No. 6 at 6–7), which is an argument the Court finds compelling and, upon a preliminary peek, likely to lead to dismissal.

Under the circumstances presented, the Court finds the merits of Defendants' securitization argument are likely dispositive of this dispute and, under the totality of the pending Motions, proceeding with discovery will not serve the overarching policy established by Rule 1 of the Federal Rules of Civil Procedure. *Kor Media Group*, 294 F.R.D. at 581.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Stay Discovery (ECF No. 31) is GRANTED.

IT IS FURTHER ORDERED that is Plaintiff's Motion to Compel Rule 26(f) Conference, to Set Deadlines for a Joint Discovery Plan/Scheduling Order, and for Related Relief (ECF No. 28) is DENIED.

IT IS FURTHER ORDERED that if this case is not fully resolved such that it no longer proceeds in federal court following decisions on the Motion to Dismiss and or Motion to Remand, the parties must submit a proposed discovery plan and scheduling order no later than thirty (30) days after the Court issues such orders.

Dated this 14th day of October, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE