UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

VERNA LONGMORE,

    Plaintiff,

    v.

HOMEEXPRESS MORTGAGE
CORPORATION, et al,

    Defendants.

Case No. 2:25-cv-01332-RFB-EJY

**ORDER**

Pending before the Court is Defendant HomeXpress Mortgage Corporation, Fay Servicing, LLC, Mortgage Electronic Registration Systems, Inc., and Metropolitan Life Insurance Company's Motion to Stay Discovery. ECF No. 74. The Court has reviewed the Motion, Defendant Quality Loan Service Corporation's Joinder (ECF No. 75), Plaintiff's Opposition (ECF No. 76), and the Moving Defendants' Reply (ECF No. 77).

Courts have broad discretionary power to control discovery and inherent power to manage proceedings by ordering a stay of discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *Bacon v. Reyes*, Case No. 2:12-cv-01222-JCM, 2013 WL 5522263, at *5 (D. Nev. Oct. 3, 2013). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. Pro. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a 'preliminary peek' at the merits of the potentially dispositive motion and is convinced the plaintiff will be unable to state a claim for relief." *Id.*

After careful inspection of the filings, the Court stays all discovery except for the three categories of limited discovery items identified on page 3 of Defendants' Reply. ECF No. 77 at 2 ("(1) inspection of the original Note. . . (2) producing copies of the Deed of Trust. . . and (3) servicing records pertaining [to] Plaintiff's information requests under RESPA/CFR"). The Court took a

preliminary peek at the pending Motions to Dismiss when considering Plaintiff's request for "any written authorization instrument governing Fay's authority to act as MetLife's attorney-in-fact on recorded instruments." Under the totality of the arguments presented, the Court finds permitting any further discovery before these motions are decided, the outcome of which will likely substantially impact the scope of this case, would violate the principals established by Rule 1 of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED that the Motion to Stay Discovery is GRANTED.

IT IS FURTHER ORDERED that discovery in this matter is STAYED except for the limited subject matters identified in this Order.

IT IS FURTHER ORDERED that Plaintiff and Fay Servicing must meet and confer **no later than August 4, 2026** to establish a discovery plan and scheduling order pertaining to the permitted discovery and file such proposed plan no later than **August 18, 2026**.

IT IS FURTHER ORDERED that following the District Judge's decisions on the Motions to Dismiss, the remaining parties in this action must submit a proposed discovery plan and scheduling order no later than thirty (30) days after the Court issues such orders.

Dated this 14th day of July, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE